**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

CARLO MICHEL,

        Plaintiff,
vs.

JOHN DOE LOAN OWNER and SENECA MORTGAGE SERVICING LLC,

        Defendants.
_____/

**COMPLAINT**

**COMES NOW,** the Plaintiff, CARLO MICHEL, by and through undersigned counsel, and brings this action against the Defendants, JOHN DOE LOAN OWNER ("LOAN OWNER") and SENECA MORTGAGE SERVICING LLC ("SENECA"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendants' violation of the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. Part 1024, and Regulation Z, 12 C.F.R. Part 1026, RESPA and TILA's respective implementing regulations.

TL-9102

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendants' failure to comply with Section 1639(g) and Section 1641(f)(2) of TILA, Section 2605(k) of RESPA, Section 1024.35 and 1024.36 of Regulation X, and 1026.36 of Regulation Z.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

7. At all times material hereto, Defendant, LOAN OWNER was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

8. At all times material hereto, Defendant, LOAN OWNER was and is an assignee pursuant to 15 U.S.C. §1641. Upon information and belief, the assignment to LOAN OWNER was voluntary.

9. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

10. Upon information and belief, effective April 28, 2014, AMS Servicing LLC formally changed its name to Seneca Mortgage Servicing LLC. Thus, for ease of reference, both AMS Servicing LLC and Seneca Mortgage Servicing LLC will be referred to as SENECA.

*TL-9102*

11. At some point in time prior to the violations alleged herein, SENECA was hired to service the subject loan.

12. At all times material hereto, SENECA, is and was a loan servicer as the term is defined in 12 U.S.C. §2605(i)(2) and 12 C.F.R. Part 1024.2(b), that services the loan obligation owned by LOAN OWNER and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 13112 SW 53 Street, Miramar, Florida 33027-5422.

13. Plaintiff's residence is a residential structure containing one to four family housing units.

14. The Promissory Note signed by Plaintiff in connection with the mortgage serviced by SENECA is a consumer credit transaction within the meaning of, and subject to, TILA.

15. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

16. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and 12 C.F.R. Part 1024.2(b).

## BACKGROUND AND GENERAL ALLEGATIONS

17. On or about July 26, 2011, a foreclosure action was filed against Plaintiff in Broward County, Florida, bearing Case No. CACE11017233 (the "Foreclosure").

18. On or around February 2014, Plaintiff retained Loan Lawyers, LLC, ("Loan Lawyers") to fight to save his home.

19. Given that Plaintiff has owned and lived in his home since 2006, Plaintiff was eager to pursue every available remedy and protection afforded to him by Congress or otherwise.

TL-9102

20. Further, in light of the recent financial crisis, Plaintiff wished to obtain all vital information from his loan servicer to enable him to make the most informed decisions moving forward, and to safeguard his individual interests.

21. As part of their overall defense strategy, Loan Lawyers makes it a priority to gather as much information as possible about the subject loan.

22. This is so important because so many of today's loans and mortgage statements are replete with mistakes, inaccuracies, and occasionally—fraud.

23. The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

24. Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

25. Unfortunately, in far too many foreclosure actions in which Loan Lawyers propounds discovery—the only responses received back are blanket, boilerplate objections.

26. Loan Lawyers regularly relies upon documentation and information produced in response to requests pursuant to TILA, RESPA, Regulation X, and Regulation Z in the foreclosure actions it defends.

27. Plaintiff and Loan Lawyers had legitimate concerns about which entity owned Plaintiff's mortgage loan.

*TL-9102*

28. Upon review of the Foreclosure complaint filed by CM REO TRUST ("CM REO"), CM REO made a boilerplate alleged that it is "entitled to enforce the Promissory Note and Mortgage."

29. The Note attached to the Foreclosure complaint is made payable to MASTER FINANCIAL, INC.

30. There are no other indorsements, allonges, or assignments attached thereto.

31. Thus, Plaintiff and his counsel were perplexed as to who owns Plaintiff's mortgage loan, when CM REO is the named plaintiff and SENECA is the servicer of Plaintiff's mortgage loan.

32. Plaintiff and his counsel attempted to locate the ownership information by conducting a search on the websites for Mortgage Electronic Registration Systems ("MERS"), Federal National Mortgage Association ("FANNIE MAE"), and Federal Home Loan Mortgage Corporation ("FREDDIE MAC") to see if FANNIE MAE or FREDDIE MAC owned Plaintiff's mortgage loan. All three websites came up negative.

33. In an effort to utilize the protections afforded to consumers by Congress, on or about May 6, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to SENECA a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI").

34. SENECA received Plaintiff's RFI on or about May 22, 2014.

35. A true and correct copy of same is attached as Exhibit "A".

36. Plaintiff's RFI asked SENECA to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); (2) identify the owner of Plaintiff's Promissory Note; and (3) provide responses to eight specific informational requests.

*TL-9102*

37. SENECA was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. 1639(g) and 12 C.F.R. Part 1026.36(c)(3).

38. Section 1639(g) of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

39. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

<u>12 C.F.R. Part 1026.36(c)(3)</u>

40. SENECA was obligated to disclose the identity of the owner of the obligation, as well as its address and telephone number pursuant to Section 1641(f)(2) of TILA and Section 1024.36(d)(2)(i)(A) of Regulation X.

41. Specifically, Section 1641(f)(2) states in part: "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation…"

42. Section 1024.36(d)(2)(i)(A) requires a servicer to provide a response "not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the *identity* of, and address or other relevant contact information for, the *owner* or assignee of a mortgage loan." (emphasis added).

*TL-9102*

43. SENECA was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days and to provide a written response to Plaintiff's information requests within thirty (30) business days. *See* 12 C.F.R. Part 1024.36(c); 12 C.F.R. Part 1024.36(d)(2)(i)(B).

44. On May 29, 2014, SENECA sent a letter to Plaintiff's counsel acknowledging receipt of Plaintiff's RFI and which stated that SENECA would be responding to Plaintiff's RFI under a separate cover with the results.

45. A true and correct copy of same is attached hereto as Exhibit "B".

46. Over three weeks had passed, and Plaintiff's counsel had yet to receive a response to Plaintiff's RFI.

47. In an attempt to amicably resolve the above issues, Plaintiff's counsel sent SENECA, a letter informing SENECA that to date, Plaintiff had not received a response to Plaintiff's RFI. The letter provided SENECA with an additional opportunity to comply with the law. Plaintiff's counsel even informed SENECA that if additional time was needed to respond to Plaintiff's RFI, additional time may be requested.

48. A true and copy of the letter is attached hereto as Exhibit "C".

49. Plaintiff's counsel never heard back from SENECA regarding the above-letter.

50. To date, SENECA has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. Part 1024.36(d)(2)(i)(B).

51. To date, SENECA has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 15 U.S.C. §1639(g) and 12 C.F.R. Part 1026.36(c)(3).

*TL-9102*

52. A failure to provide an accurate payoff statement is also considered an "error" for purposes of Section 1024.35(b)(6). SENECA was given notice of this error. *See* Exhibit "B".

53. SENECA's failure to acknowledge receipt of the notice of error within five (5) business days is a violation of Section 1024.35(d).

54. SENECA's failure to respond to this "error" within seven (7) business days thereafter, is a violation of Section 1024.35(e)(3)(i)(A).

55. To date, SENECA has failed or refused to provide the name, address and telephone number of the owner of the subject obligation, contrary to 15 U.S.C. §1641(f)(2) and 12 C.F.R. Part 1024.36(d)(2)(i)(A).

## COUNT I –VIOLATION OF 15 U.S.C. §1639(g) AND §1641(f)(2)

56. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 55.

57. Upon information and belief, LOAN OWNER has considerable control over SENECA by virtue of a Servicing Agreement that governs their relationship.

58. Upon information and belief, the above-referenced agreement contains specific details and guidelines that SENECA is to follow.

59. Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was SENECA's responding to requests for information, notices of error, and requests for payoff statements.

60. Upon information and belief, LOAN OWNER may terminate SENECA's employment at any time.

61. As its servicer, SENECA is the employee and agent of LOAN OWNER.

62. LOAN OWNER is responsible for SENECA's failure to respond to Plaintiff's RFI since SENECA was acting in furtherance and within the scope of its employment for LOAN OWNER.

63. Various courts in the Southern District have found that vicarious liability applies to TILA violations. *See* Lucien v. Federal Nat. Mortg. Ass'n, 2014 WL 2184934 (S.D. Fla. May 23, 2014); Khan v. Bank of New York Mellon, 849 F. Supp. 2d 1377 (S.D. Fla. Mar. 19, 2012); Kissinger v. Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007–Opt2, Asset Backed Certificates, Series 2007–Opt2, 2012 WL 3759034 (S.D. Fla. August 30, 2012); and Santos v. Federal National Mort. Ass'n, 2012 WL 3860559 (S.D. Fla. Sept. 6, 2012).

64. Plaintiff attempted to amicably resolve the above-issue prior to the filing of this lawsuit. *See* Exhibit "C".

65. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

66. Plaintiff is entitled to the following damages for violations of TILA by Defendant, LOAN OWNER: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. §1640(a)(3).

**WHEREFORE**, the Plaintiff, CARLO MICHEL, demands judgment against the Defendant, JOHN DOE LOAN OWNER for damages together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1640(a), and any and all further relief as this Honorable Court may deem just and proper.

### COUNT II – VIOLATION OF 12 U.S.C. §2605(k)

67. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 55.

TL-9102

68. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. §2605(k)(emphasis added)

69. Sections 1024.35 (Notice of Error) and 1024.46 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively);

70. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. §2617.

71. SENECA has failed to or refused to comply with 12 C.F.R. Part 1026.36(c)(3) in that SENECA did not provide an accurate payoff statement within seven (7) days after receiving a written request.

72. SENECA has also failed to comply with 12 C.R.F. 1024.35(d) and 12 C.F.R. Part 1024.35(e)(3)(i)(A) in that SENECA did not provide a written acknowledgement or correct an error asserted under 12 C.F.R. 1024.35(b)(6) within the required timeframe.

73. As such, SENECA has violated 12 U.S.C. §2605(k)(1)(C).

74. SENECA has failed to or refused to comply with 12 C.F.R. Part 1024.36(d)(2)(i)(A) in that SENECA did not provide a response within ten (10) days after receiving an information request for the identity of, and address or other relevant contact information for the owner of Plaintiff's Promissory Note.

75. As such, SENECA has violated 12 U.S.C. §2605(k)(1)(D).

76. SENECA has failed to or refused to comply with 12 C.F.R. Part 1024.36(d)(2)(i)(B) in that SENECA did not provide a written response to a request for information within thirty (30) business days.

77. As such, SENECA has violated 12 U.S.C. §2605(k)(1)(E).

78. Plaintiff attempted to amicably resolve the above-issues prior to the filing of this lawsuit. *See* Exhibit "C".

79. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

80. Plaintiff is entitled to actual damages as a result of Defendant, SENECA's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. §2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a

result of having to send additional correspondences due to SENECA's failure to respond to Plaintiff's RFI. *See* <u>Marais v. Chase Home Finance, LLC</u>, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); <u>Soriano v. Countrywide Home Loans, Inc.</u>, Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); <u>Cortez v. Keystone Bank, Inc.</u>, 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); <u>Rawlings v. Dovenmuehle Mortg., Inc.</u>, 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

81.   Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. §2605(f)(1)(B), as a result of SENECA's pattern or practice of noncompliance with Regulation X and RESPA.

82.   In this case alone, SENECA has violated eight (7) separate provisions of Regulation X and RESPA.

83.   Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. §2605(f)(3).

   **WHEREFORE**, the Plaintiff, CARLO MICHEL, demand judgment against the Defendant, SENECA MORTGAGE SERVICING LLC, for damages together with interest, costs, and attorney's fees pursuant to 12 U.S.C. §2605(f), and any and all further relief as this Honorable Court may deem just and proper.

*TL-9102*

## **DEMAND FOR JURY TRIAL**

Plaintiff, CARLO MICHEL, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:     (954) 523-4357
Facsimile:      (954) 581-2786

*TL-9102*